# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| TODD MATTOX,<br>    *Plaintiff*,<br><br>v.<br><br>COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,<br>    *Defendant*. | No. 3:18-cv-00119 (JAM) |

## ORDER GRANTING MOTION TO COMPEL ARBITRATION

Plaintiff Todd Mattox has filed this lawsuit against his former employer, Comcast Cable Communications Management, LLC, alleging discrimination and retaliation in violation of Connecticut law. In 2013, Comcast initiated an alternative dispute resolution program for Connecticut employees that included mandatory arbitration of employment-related disputes. Any employee like plaintiff who did not wish to participate in the program was required to opt out by submitting a form for that purpose. Plaintiff received several notifications about the initiation of the arbitration program but took no action to opt out of the program.

The Federal Arbitration Act "reflects 'a liberal federal policy favoring arbitration agreements.'" *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 73 (2d Cir. 2017) (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 346 (2011)). When a party to an arbitration agreement seeks to compel arbitration, a court must enforce the agreement if the dispute at issue is within the scope of a valid arbitration agreement. *Id.* at 74.

Plaintiff does not dispute that he received copies of the arbitration agreement several times and that he failed to opt out of the program. Nor does he otherwise dispute the arbitrability of his claims pursuant to the Federal Arbitration Act. His sole objection is that his agreement to

arbitrate is not enforceable as a matter of law because he received no consideration in return for submitting to arbitration.

It is of course a fundamental principle of contract law that an agreement is generally not enforceable unless it is supported by consideration. *See, e.g.*, *Thoma v. Oxford Performance Materials, Inc.*, 153 Conn. App. 50, 55–56 (2014). Even so, it is clear to me that there was adequate consideration here to support the arbitration agreement. First of all, the arbitration agreement reciprocally commits both plaintiff and defendant to submit to arbitration. Doc. #21-1 at 15. A mutual promise to arbitrate is itself adequate consideration to support the agreement. *See Deleon v. Dollar Tree Stores, Inc.*, 2017 WL 396535, at *3 (D. Conn 2017) (citing cases). Moreover, where as here an individual's employment is "at will," then the employer's continued employment of the employee is also adequate consideration to support an arbitration agreement. *Id.* at 4; *see also Grose v. Didi, LLC*, 2018 WL 2049557, at *3 (Conn. Super. Ct. 2018) (same). Although plaintiff cites several cases to support his claim that continued employment is not sufficient consideration, these cases are distinguishable. *See Deleon*, 2017 WL 396535, at *4 (distinguishing *Helenese v. Oracle Corp.*, 2010 WL 670172, at *3 (D. Conn. 2010), and *Gibbs v. Conn. Gen. Life Ins.*, 1998 WL 123010, at *2 (Conn. Super. Ct. 1998)).

I conclude that there is adequate consideration for Comcast's agreement to arbitrate. Because plaintiff raises no other objection to arbitration, I will grant defendant's motion to compel arbitration and stay these court proceedings pending arbitration. *See Katz v. Cellco P'ship*, 794 F.3d 341, 345 (2d Cir. 2015).

## CONCLUSION

Defendant's motion to compel (Doc. #20) is GRANTED. This action is STAYED pending arbitration, and the parties shall submit a status report on October 1, 2018, and further

status reports every three months thereafter. It is so ordered.

Dated at New Haven this 16th day of July 2018.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge